# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3645-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

J.A.M.,[1]

    Defendant-Appellant.

_____

Submitted October 27, 2020 – Decided November 10, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-01-0016.

Dunne, Dunne & Cohen, LLC, attorneys for appellant (F.R. Chip Dunne, III, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] We use initials to protect the privacy of the victim. See R. 1:38-3(c)(9).

Defendant was charged and convicted by a jury of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and four other crimes of lesser degrees. He was sentenced on the first-degree offense to a fifteen-year prison term subject to an eighty-five percent period of parole ineligibility, and other lesser concurrent terms on those other offenses that did not merge.

Defendant appeals, arguing: (1) the trial judge erred in sustaining the State's objection to a question the defense sought to pose to a State's witness; (2) the jury verdict was against the weight of the evidence; and (3) the sentence was excessive. We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), adding only the following brief comments abouts the first and second points.

In putting defendant's first point in its proper setting, the record reveals defendant lived in a home in Elizabeth with his sister, her husband, and their three children. The victim of his crimes was his oldest niece; defendant was accused of molesting her from the time she was seven until she was thirteen. We need not go into the specifics.

Defendant's first point arises from what occurred during the testimony of the victim's guidance counselor, who was called by the State to provide the jury with background about how authorities came to investigate the matter. The

2

guidance counselor said – without revealing the content of things she was told – that she became aware of the child's accusations through another counselor who had spoken with another student's mother about it. The guidance counselor testified that after receiving this information from the other counselor, they spoke with the other student, who had heard about the allegations from the victim. The guidance counselor later spoke to the victim who confirmed what the others had said.

Throughout the direct examination, the State elicited from the guidance counselor only the sources of her information – without divulging the statements of others – and that, as a result of whatever it was that she learned, the guidance counselor reached out to police and the Division of Child Protection and Permanency. Any time the witness veered off and attempted to recount the content of what the victim or someone else said to her, the defense objected and the judge sustained the objections; in this way, the witness was never permitted during direct examination to blurt out any hearsay statements.

When cross-examination commenced, defense counsel immediately posed the following question:

> Based on your conversation with [the victim] that you just testified to, were you led to believe that she was just telling you about one incident –

Before defense counsel could reach the question's end, the State objected.

At sidebar, the judge asked defense counsel "where you going with this?" The judge further noted that "the State was very careful not to get into . . . what this child disclosed and your question now is asking how many instances she told [the witness] about." As we understand the argument at sidebar, defense counsel's intent was to elicit what the victim said to the witness about the number of assaults committed on her by defendant in order to later impeach the victim with some inconsistent statement about the frequency or nature of the assaultive conduct. The State argued this went beyond what it had elicited from the witness, called for hearsay because the question called for a revelation of some part of the victim's communications not just that the communications had occurred, and would open the door on redirect to the State eliciting all that the victim said to the witness. Defense counsel persisted but the judge ultimately concluded he would not allow him to put the particular question to the witness "right now," adding that the defense could always call the witness back to the stand after the victim testified.

Later in the trial, after the victim testified, the defense did indeed call the guidance counselor to the stand and posed the same question the judge had not

permitted earlier. At that time, defense counsel questioned the guidance counselor further at length and without limitation.

In his first point in this appeal, defendant argues that the judge should have permitted the one question that defense counsel posed in cross-examining the guidance counselor during the State's case. He claims that the sustaining of the State's objection caused prejudice and resulted in a miscarriage of justice. We disagree. Defendant was able to ask the witness that particular question during the course of the trial, so the only conceivable prejudice would be if the delay somehow hampered the defense. Defendant, however, has not explained here how or why the brief delay before the jury eventually heard the answer to that question caused prejudice. We, thus, find no merit in defendant's first point.

In his second point, defendant argues that the jury's verdict was against the weight of the evidence. Because defendant did not move in the trial court for a new trial, this argument is not cognizable on appeal. See R. 2:10-1; State v. McNair, 60 N.J. 8, 9 (1972).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3645-17T4